November 25, 2015
**OFFICE OF APPELLATE COURTS**


STATE OF MINNESOTA

IN SUPREME COURT

A15-1316

In re Petition for Disciplinary Action against
John Nwabuwane Akwuba, a Minnesota Attorney,
Registration No. 0280446.

O R D E R

On November 13, 2015, the court issued an order disciplining respondent John Nwabuwane Akwuba. On November 16, 2015, respondent filed a letter requesting that the court clarify and, if appropriate, amend its November 13 order to conform to the parties' stipulation for discipline. Specifically, Respondent's letter requests that two changes be made to the conditions of probation in paragraph 6 of the November 13 order. Respondent further indicates that the Director does not object to those changes.

First, respondent requests that paragraphs 6(c) and 6(d) be amended to specify that an attorney with the Director's office, rather than an attorney nominated by respondent, supervise respondent's probation. The requested amendment is reasonable and will be granted.

Second, respondent requests that the order be amended to specify that the Director has the authority to unilaterally terminate his probation. An attorney's public probation is imposed pursuant to the court's authority as the sole arbiter of the appropriate discipline.

1

Accordingly, although the Director may request that respondent's public probation be terminated early, the court makes the final decision on the request.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Respondent John Nwabuwane Akwuba is suspended from the practice of law for a minimum of 60 days, effective November 27, 2015.

2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).

3. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

4. Respondent shall be eligible for reinstatement to the practice of law following the expiration of the suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of Appellate Courts and serves upon the Director an affidavit establishing that he is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court.

5. Within 1 year of the date of the filing of this order, respondent shall file with the Clerk of Appellate Courts and serve upon the Director proof of successful completion of the professional responsibility portion of the state bar examination. Failure to timely file the required documentation shall result in automatic re-suspension, as provided in Rule 18(e)(3), RLPR.

6. Upon reinstatement to the practice of law, respondent shall be subject to probation for 2 years, subject to the following conditions:

(a)     Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation.   Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention.   Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation;

(b)     Respondent shall abide by the Minnesota Rules of Professional Conduct;

(c)     Respondent shall be supervised by an attorney with the Director's Office to monitor respondent's compliance with the terms of this probation;

(d)     Respondent shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1. These books and records include the following:  client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips and bank reports of interest, service charges, and interest payments to the Minnesota IOLTA Program.   Such books and records shall be made available to the Director within 30 days from the date of the filing of this order and thereafter shall be made available to the Director at such intervals as he deems necessary to determine compliance; and

(e)     If after 1 year the Director, in his sole discretion, determines that probation is no longer necessary to ensure that respondent is compliant with his obligations under Minn. R. Prof. Conduct 1.15 and Appendix 1, the Director may request that probation be terminated by filing a stipulation for termination of probation.

7.     To the extent of any inconsistency with the court's order of November 13, 2015, the terms of this order shall control.

Dated: November 25, 2015          BY THE COURT:

David R. Stras
Associate Justice